UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELICIANO FITZ, CARMELO BAEZ, JESUS BAEZ, MIGUEL VASQUEZ, and OSCAR PORTILLA,<br><br>*Plaintiffs,*<br><br>-against-<br><br>BETHEL GOURMET FOOD CORP., and YEONG Y. KIM, jointly and severally,<br><br>*Defendants.* | Index No.:<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiffs, Feliciano Fitz, Carmelo Baez, Jesus Baez, Miguel Vasquez, and Oscar Portilla (collectively, "Plaintiffs"), by their attorneys The Law Offices of Martin E. Restituyo, P.C., complaining of Defendants Bethel Gourmet Food Corp. ("Bethel Gourmet") and Yeong Y. Kim (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid minimum wages, unpaid overtime, unlawfully withheld spread-of-hours premiums, liquidated damages, statutory penalties for notice-and-recordkeeping violations for plaintiffs, and costs and attorneys' fees. These named plaintiffs are salaried employees who have worked for Defendants' during the past six years.

2. Defendants have deprived plaintiffs of minimum wages, overtime pay, and spread of hours premiums since at least October 2011, in violation of the Fair Labor Standards Act. 29 U.S.C. §§201, *et seq.* ("FLSA") and New York Labor Law ("NYLL").

3. Defendants violated notice-and-recordkeeping requirements by failing to provide statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour,

shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL §195(3).

4. Defendants have violated notice-and-recordkeeping requirements by failing to provide employees with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

## JURISDICTION AND VENUE

5. Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq*. This Court has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper under 28 U.S.C § 1391(b)(l) because the Defendants reside in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Plaintiffs are also residents in this district.

## PARTIES

*Plaintiffs*

7. Feliciano Fitz ("Fitz") resides in New York, New York.

8. Fitz was employed as a grocery store clerk and cashier at Bethel Gourmet from 1992, to October 18, 2017.

9. Carmelo Baez ("Baez") resides in the Bronx, New York.

10. Baez has worked as a grocery store clerk at Bethel Gourmet from 1992 to the

present.

11.     Jesus Baez ("J. Baez") resides in the Bronx, New York.

12.     J. Baez was employed as a grocery store clerk at Bethel Gourmet from approximately October 20, 2009, to November 3, 2017.

13.     Miguel Vasquez ("Vasquez") resides in the Bronx, New York.

14.     Vasquez was employed as a grocery store clerk at Bethel Gourmet from approximately April 24, 2003, to November 4, 2017.

15.     Oscar Portilla ("Portilla") resides in the Bronx, New York.

16.     Portilla was employed as a grocery store clerk at Bethel Gourmet from approximately August 9, 2008, to November 7, 2017.

***Defendants***

17.     Defendant Bethel Gourmet Food Corp., is a New York Corporation doing business as Bethel Gourmet Food with a principal place of business located at 79 Greenwich Avenue, New York, New York 10014

18.     Defendant Yeong Y. Kim, on information and belief is a resident of 27 Moeser Place, Old Tappan, New Jersey.

19.     Defendant Yeong Y. Kim at all times relevant to this complaint has been the owner and manager of Bethel Gourme.

20.     Defendant Bethel Gourmet is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Bethel Gourmet is a popular Grocery Store with a high-volume location in the West Village. It has established itself in New York for approximately twenty-five years. Furthermore, the Store is open twenty-four (24) hours a day, seven (7) days a week. As such, based on Plaintiffs' personal knowledge of defendants'

business, as well as upon information and belief, defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

21. Upon information and belief, as well as first-hand knowledge of Plaintiffs, Bethel Gourmet regularly conducted interstate business. Specifically, Bethel Gourmet sells products in interstate commerce and regularly accepts credit card payments debiting funds from out-of-state bank accounts.

22. Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

23. Upon information and belief, Defendants have had control over all employment practices at the Grocery Store, including wages, scheduling and the hiring and firing of employees.

## ALLEGATIONS COMMON TO ALL PLAINTIFFS

24. For all of the plaintiffs whose individual factual allegations are stated below, the following common facts apply:

- Defendants have failed to pay Plaintiffs in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

- Defendants violated NYLL § 195(1) by failing to provide Plaintiffs with a yearly notice which includes rates of pay including straight time and overtime; how and when Plaintiffs are paid; the official name of Plaintiffs' employer and any other names used for business; the address and telephone number of the employer's main office or principal location.

- Defendants failed to provide Plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

- Plaintiffs, at all times relevant, worked in excess of forty (40) hours per workweek.

- Defendants failed to pay Plaintiffs at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

- Defendants failed to require Plaintiffs to sign accurate payroll records, showing payment of wages received.

- Defendants failed to provide Plaintiffs with adequate meal breaks in violation of NYLL §§162 et seq.

- All Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

- All Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207

- Defendants unlawfully failed to pay Plaintiffs the spread-of-hours premium for days in which they worked in excess of ten (10) hours as required under §137-1.7, Title 12 of the N.Y. Comp. Code R. & Regs.

- Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216 and NYLL.

### Individual Factual Allegations

**Feliciano Fitz**

25.     As a grocery store clerk and cashier for Bethel Gourmet, Mr. Fitz was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by

FLSA, 29 U.S.C. § 213.

26. From 2011, to on or about January 4, 2016, Mr. Fitz regularly worked (6) days per week: Monday, Wednesday, Friday and Sunday from 6:00 AM to 6:00 PM, and Tuesday and Thursday from 6:00 AM to 12:00 PM. In total he worked 60 hours per week.

27. From on or about October 1, 2011, to on or about January 4, 2012, Mr. Fitz was paid a weekly salary of $440.

28. From on or about January 5, 2012, to on or about January 2, 2013, Mr. Fitz was paid a weekly salary of $712.

29. From on or about January 3, 2013, to on or about January 1, 2014, Mr. Fitz was paid a weekly salary of $350.

30. From on or about January 2, 2014, to on or about December 31, 2014, Mr. Fitz was paid a weekly salary of $425.

31. From on or about January 1, 2015, to on or about December 30, 2015, Mr. Fitz was paid a weekly salary of $351.

32. From on or about December 31, 2015, to on or about January 4, 2017, Mr. Fitz was paid a weekly salary of $467.

33. From on or about January 5, 2017, to October 20, 2017, Mr. Fitz worked five (5) days per week: Monday, Wednesday and Fridays from 6:00 AM to 6:00 PM, and Tuesday and Thursday from 6:00 AM to 12:00 PM. During this period Fitz worked 48 hours per week and was paid a weekly salary of $560.

34. During the entirety of his employment Mr. Fitz was never permitted a 30-minute uninterrupted lunch break.

35. On October 18, 2017, Mr. Fitz voiced his complaints regarding his salary and

thereafter resigned from his position. Since then Mr. Fitz has been subjected to harassing phone calls and confrontations by Yeong Y. Kim.

**Carmelo Baez**

36.     As a grocery store clerk for Bethel Gourmet, Mr. Baez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

37.     From at least October 2011, to November 2015, Mr. Baez regularly worked (6) days per week: Monday, Tuesday, Wednesday, Thursday, Friday, and Saturday from 6:00 PM to 6:00 AM. In total he worked 72 hours per week.

38.     From on or about October 1, 2011, to on or about approximately November 2, 2012, Mr. Baez was paid a weekly salary of $380.

39.     From on or about November 3, 2012, to on or about January 2, 2014, Mr. Baez was paid a weekly salary of $460.

40.     From on or about January 3, 2014, to on or about October 30, 2014, Mr. Baez was paid a weekly salary of $480.

41.     From November 2015, to the present, Mr. Baez has worked (5) days per week: Tuesday, Wednesday, Thursday, Friday, and Saturday from 6:00 PM to 6:00 AM. He works a total of 60 hours per week.

42.     From on or about November 1, 2015, to on or about December 30, 2016, Mr. Baez was paid a weekly salary of $480.

43.     From on or about January 7, 2017, to the present, Mr. Baez is being paid a weekly salary of $560.

44.     Since 2011, Mr. Baez has never taken a day off from work.

45. During the entirety of his employment Mr. Baez was never permitted a 30-minute uninterrupted lunch break.

***Jesus Baez***

46. As a grocery store clerk for Bethel Gourmet, Mr. J. Baez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by the FLSA, 29 U.S.C. § 213.

47. From October 2011, to on or about approximately January 4, 2012, Mr. J. Baez regularly worked (5) days per week: Monday, Tuesday, Wednesday, Thursday, and Sundays from 7:00 PM to 7:00 AM. In total he worked 60 hours per week, and was paid a weekly salary of $420.

48. From on or about January 5, 2012, to approximately January 4, 2017, Mr. J. Baez regularly worked Monday, Tuesday, Wednesday, and Thursday from 7:00 PM to 7:00 AM, and Saturdays from 5:00 PM to 11:00 PM and Sunday from 7:00 PM to 7:00 AM. In total he worked 66 hours per week, and was paid a weekly salary of $460.

49. From on or about January 5, 2017, to approximately February 1, 2017, Mr. J. Baez worked Monday, Tuesday, Wednesday, Thursday, and Sunday from 7:00 PM to 7:00 AM. In a total he worked 60 hours per week, and was paid a weekly salary of $545.

50. From on or about February 2, 2017, to approximately March 29, 2017, Mr. J. Baez regularly worked Monday, Tuesday, Wednesday, and Sunday from 7:00 PM to 7:00 AM. In a total he worked 48 hours per week and was paid a weekly salary of $525.

51. From on or about March 30, 2017, to November 3, 2017, Mr. J. Baez regularly worked Monday, Tuesday, Wednesday, Thursday, and Sunday from 7:00 PM to 7:00 AM. He worked 60 hours per week, and was paid a weekly salary of $545.

52. Since 2011, Mr. Baez has never taken a sick day or personal day.

53. On November 3, 2017, Mr. Baez resigned after being harassed for complaining his salary.

54. During the entirety of his employment Mr. J. Baez was never permitted a 30-minute uninterrupted lunch break.

*Miguel Vasquez*

55. As a grocery store clerk for Bethel Gourmet, Mr. Vasquez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

56. From October 2011, to on or about November 2012, Mr. Vasquez regularly worked (6) days per week: Monday, Tuesday, Thursday, Friday, Saturday, and Sundays from 7:00 AM to 7:00 PM. In total he worked 72 hours per week, and was paid a weekly salary of $380.

57. From on or about November 1, 2012, to on or about November 6, 2013, Mr. Vasquez regularly worked (5) days per week: Tuesday, Wednesday, Thursday, Friday, and Saturday from 6:00 AM to 6:00 PM. In total he worked 60 hours per week, and was paid a weekly salary of $400.

58. From on or about November 7, 2013, to on or about June 4, 2014, Mr. Vasquez worked regularly (5) days per week: Tuesday, Wednesday, Thursday, Friday, Saturday from 6:00 AM to 6:00 PM. In total he worked 60 hours per week, and was paid a weekly salary of $440.

59. From June 5, 2014, to the present, Mr. Vasquez has worked (5) days per week: Tuesday, Thursday, and Saturday from 6:00 PM to 6:00 AM, and Wednesday and Fridays from 6:00 AM to 12:00 PM. He worked a total of 48 hours per week.

60. From on or about June 5, 2014, to December 31, 2014, Mr. Vasquez was paid a weekly salary of $450.

61. From on or about January 1, 2015, to the December 28, 2016, Mr. Vasquez was paid a weekly salary of $520.

62. From on or about January 5, 2017, to November 4, 2017, Mr. Vasquez was paid a weekly salary of $560.

63. On the few occasions that Mr. Vasquez was required to take a day off from work his salary would be docked $100 per day.

64. On November 4, 2017, Mr. Vasquez resigned after being harassed for complaining about his salary.

65. During the entirety of his employment Mr. Vasquez was never permitted a 30 minute uninterrupted lunch break.

*Oscar Portilla*

66. As a grocery store clerk for Bethel Gourmet, Mr. Vasquez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

67. From October 2011, to on or about approximately January 2, 2013, Mr. Portilla regularly worked (6) days per week: Monday, Wednesday, Thursday, Friday, and Sunday from 7:00 AM to 7:00 PM and Saturday from 7:00 to 5:00 PM. In total he worked 70 hours per week.

68. From on or about October 2011, to on or about approximately December 28, 2011, Mr. Portilla was paid a weekly salary of $460.

69. From on or about December 29, 2011, to January 2, 2013, Mr. Portilla was paid a weekly salary of $480.

70. From on or about January 3, 2013, to on or about January 1, 2014, Mr. Portilla

10

worked (5) days per week: Monday, Thursday, Friday, and Sunday from 7:00 AM to 7:00 PM, and Saturday from 7:00 AM to 5:00 PM. In total he worked 58 hours per week, and was paid a weekly a salary of $400.

71. From January 2, 2014, to November 7, 2017, Mr. Portilla worked (4) days per week: Monday, Friday, Saturday, and Sunday from 7:00 PM to 7:00 AM. In a total he worked 48 hours per week.

72. From January 2, 2014, to the January 4, 2017, Mr. Portilla was paid a weekly salary of $420.

73. From January 4, 2017, to November 7, 2017, Mr. Portilla was paid a weekly a salary of $545.

74. On November 7, 2017, Mr. Portilla resigned after being harassed for complaining about his salary.

75. During the entirety of his employment Mr. Portilla was never permitted a 30 minutes uninterrupted lunch break.

## FIRST CLAIM
### (Fair Labor Standards Act - Unpaid Minimum Wage)

76. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

77. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed the Plaintiffs.

78. Plaintiffs are employees within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

79. Defendants were required to pay Plaintiffs the applicable federal minimum wage rate.

80. Defendants failed to pay Plaintiffs the minimum wages to which they are entitled under the FLSA.

11

81. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

82. As a result of Defendants' willful violations of the FLSA, Plaintiffs suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law- Unpaid Minimum Wage)

83. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

84. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations.

85. Defendants failed to pay Plaintiffs the minimum wages to which they are entitled under the NYLL.

86. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiffs minimum hourly wages.

87. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post- judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

88. Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

*89.*   Defendants were required to pay Plaintiffs one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

90.   Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the FLSA.

91.   Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages for all the hours they worked in excess of forty in a workweek.

92.   Defendants did not make a good faith effort to comply with the FLSA with respect to Plaintiffs' compensation.

93.   Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law- Unpaid Overtime)

94.   Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

95.   Defendants are employers within the meaning of NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiffs.

96.   Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs one and one (1½) half times the regular rate of pay for all hours worked in excess of forty per workweek.

97.   Defendants failed to pay Plaintiffs the overtime wages to which they were

entitled under the NYLL.

98. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

99. Due to Defendants' willful violations of the NYLL, Plaintiffs who opt-in to this action are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law - Spread-of-Hours Pay)

100. Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.

101. Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the minimum hourly wage rate for each day in which their shift spanned more than ten hours.

102. By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully violated the NYLL Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §146-1.6.

103. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
### (NYLL - Wage Theft Prevention Act- Failure to Provide Wage Notices)

104. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

105. The NYLL and Wage Theft Prevention Act ("WTPA"), as well as NYDOL regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change

to an employee's rate of pay.

106. From its enactment on April 9, 2011, the WTPA has required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

107. In violation of NYLL § 191, Defendants failed to furnish to Plaintiffs at the time of hiring, whenever there was a change to their rate of pay, and on or before February 1 of each year of employment through 2017, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

108. Due to Defendants' violation of NYLL § 195(1), Plaintiffs are entitled to recover from Defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**SEVENTH CLAIM**
**(NYLL - Wage Theft Prevention Act- Failure to Provide Wage Statements)**

109. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

110. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

111. Throughout Plaintiffs' employment with Defendants, Defendants paid Plaintiffs without providing a wage statement at the end of every pay period accurately listing, inter alia: the regular rate or rates of pay; the overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

112. Defendants failed to furnish Plaintiffs with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

113. Due to Defendants' violation of NYLL § 195(3), Plaintiffs are entitled to recover from Defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## EIGHTH CLAIM
### (FLSA Prohibition of Retaliation 29 U.S.C. § 215(a)(3))

114. Plaintiffs, on behalf of themselves, repeat, reiterate and incorporate each and every preceding paragraph as if set forth fully herein.

115. During the period covered by the applicable statute of limitations, defendants retaliated against plaintiffs, J. Baez, Vasquez, and Portilla, for complaining about the wage violations discussed herein.

116.  As a result of this retaliation, these plaintiffs were constructively terminated and seek their damages, as well as penalties for retaliation allowed under the FLSA and NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, respectfully request that this Court enter a judgment:

    a.    declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

    b.    declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

    c.    declaring that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

    d.    declaring that Defendants' violations of the FLSA and NYLL were willful; declaring that Defendants have unlawfully retaliated against Plaintiff J. Baez, Vasquez, and Portilla.

    e.    awarding Plaintiffs unpaid minimum and overtime wages;

    f.    awarding Plaintiffs unpaid spread-of-hours pay;

    g.    awarding Plaintiffs and the liquidated damages pursuant to the FLSA and to the NYLL;

    h.    awarding Plaintiffs and the liquidated damages as a result of Defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

    i.    awarding Plaintiffs pre- and post- judgment interest under the NYLL.

j.  awarding Plaintiffs and the reasonable attorneys' fees and costs pursuant to the FLSA, and the NYLL.

k.  awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 15, 2017

By: Martin E. Restituyo, Esq.
Law Offices of Martin E. Restituyo P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorney for Plaintiffs*