UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FELICIANO FITZ, CARMELO BAEZ, JESUS BAEZ,
MIGUEL VASQUEZ AND OSCAR PORTILLA,

                                           Plaintiffs,

           -against-                                 **STIPULATION AND ORDER**

BETHEL GOURMET FOOD GROUP, And YEONG Y.       **OF SETTLEMENT**
KIM, jointly and severally.
                                                    Case No. 17 CV -08919 ()

                                           Defendants.
-------------------------------------------------------------------X

WHEREAS, on or about November 15, 2017, Plaintiffs filed a summons and complaint ("Complaint") with the United States District Court for the Southern District of New York ("District Court") against, Bethel Gourmet Food Group and Yeong Y. Kim, (collectively "Original Defendants") and subsequently Pyunghak Kim, Young M. Oh and 79 Deli NY, Corp, (collectively the Defendants);

WHEREAS, based upon the documents provided by Defendants, while disagreeing as to the calculation of liability for violations of the FLSA and NYSLL, have reached a compromise as to that amount ('the Full Settlement Amount");

WHEREAS, Defendants have asserted that they are unable to pay either the amount of liability even as they have calculated it, no less the Full Settlement Amount;

WHEREAS, Plaintiffs are not willing to accept a reduced settlement without an independent assessment of Defendants' inability to pay; and

WHEREAS, after engaging in mediation, and to avoid further unnecessary litigation, the parties have agreed to a settlement and order which provides for an independent assessment of Defendants' ability to pay and a guarantee of a minimum payment;

NOW THEREFORE, in consideration of the mutual promises contained herein, and subject to the Order and continued jurisdiction of the Court, the parties agree to the following:

**Section 1:** **The Full Settlement Amount**

1.1   The Full Settlement Amount shall be $500,000 inclusive of attorneys' fees and costs through the date upon which the Court approves the settlement.

1.2   The obligation to pay the Full Settlement Amount shall be subject to the limitations set forth in Section 2.

1.3   Payments shall be sent to Plaintiffs' counsel.

**Section 2:** **Reduction of the Full Settlement Amount**

2.1.   Defendants have represented that they do not have the assets to pay the Full Settlement Amount, have not otherwise transferred assets since October 1, 2017, or have transferred, directly or indirectly, property and/or assets without getting fair value. ("Available Assets").

2.3   Defendants have agreed to the appointment by the Court of an independent auditor ("Auditor") to determine the amount of the Available Assets. Defendants shall pay the cost of the Auditor

2.4   Defendants shall cooperate fully with the Auditor, including, but not limited to, supplying all credit reports for each of the Defendants, statements for all bank accounts that Defendants, individually and severally, have or have had since October 1, 2017, and any such other information requested by the Auditor, which in the Auditor's sole judgment, is relevant to determining the amount of the Available Assets.

2.4   In the event that the Auditor determines that Available Assets are not sufficient to pay the Full Settlement Amount, the Full Settlement Amount shall be reduced to the Amount of the Available Assets. By way of illustration if the amount of Available Assets is $400,000, then the Full Settlement shall be reduced to $400,000.

2.5   Defendants agree and the Court shall have the power and the jurisdiction to enforce the return of any assets that the Auditor determines are part of the Available Assets and Defendants will take all steps to facilitate such return. Defendants consent to the Court's jurisdiction to order any remedy consistent with the intent of this Agreement.

2.6   The Auditor shall determine how to proceed and shall permit, but shall not be required, to allow the parties to comment prior to issuing a report, provided that the Parties may respond within ten days to that report after which the Auditor may modify the same.

2.7  The Auditor's final report shall be reviewed by the Court and this settlement and Order shall be modified based upon that report as provided herein

**Section 3:  <u>Minimum Payment</u>**

3.1  Notwithstanding Section 2 above, Defendants guarantee the following payments to be made as follows regardless of the amount of Available Assets.

3.2.  Within ten days of the Court's approval of this Order and Settlement, Defendants shall pay the sum of $50,000 to plaintiff's counsel.

3.3  Within ten days of the Court's approval of this Order and Settlement, Defendants shall pay the sum of $10,000 to be kept in escrow by Defendants' counsel for the purpose of paying the Auditor's fees.

3.4  In addition to the payment provided in Section 3.1, Defendants shall pay an additional $50,000 to plaintiffs' counsel in such installments as the Auditor shall determine Defendants can afford.

**Section 4:  <u>Allocation of Payments</u>**

4.1  Plaintiffs' counsel will distribute the settlement proceeds in accordance with its retainer agreement with the Plaintiffs.

4.2  The allocation of damages among the Plaintiffs was decided by Plaintiffs and their counsel without input from the Defendants or Defendants' counsel.

**5. Release of Claims**

 5.1. In exchange for the relief set forth in this Stipulation, each Plaintiff shall release each Defendant from any and all claims and causes of action asserted in the Action for overtime or unpaid wages during the period from the beginning of time to the date of this Stipulation ("Released Claims"). The Released Claims include, but are not limited to, the FLSA claims and the New York claims, and any common law claims for compensation and overtime compensation.

 5.2. Plaintiffs' executed releases shall be held in escrow by Plaintiff's counsel until the final payment due herein is made.

 5.3 Excluded from such releases is any action to enforce this agreement or otherwise collect the Available Assets.

 5.6. Defendants hereby release and forever discharge Plaintiffs from any and all claims and liability of any nature whatsoever, known or unknown, which could have been asserted through the date of this Stipulation.

**Section 6.** **Court Order**

 6.1 The Parties agree to propose to the Court an order in the form attached hereto which embodies and implements this settlement agreement and sets forth the parties agreement to the Court's jurisdiction to issue such orders as it deems necessary to effectuate this settlement.

 6.2 The Parties specifically waive any objection to the Court exercising that jurisdiction or any modifications to the proposed order that Court deems appropriate.

**Section 7:** **Other Provisions**

    7.1.    Each Plaintiff specifically acknowledges that he has read this Stipulation and understands the terms and conditions set forth therein. Each Plaintiff also acknowledges that he has discussed the Stipulation in both English and Spanish with a person who has read the entire Stipulation in Spanish and with his attorneys, and acknowledges that he fully understands the meanings, import, purpose and effect of each word, clause and provision of this Stipulation, and this Stipulation as a whole, and all documents executed or to be executed in connection with this Stipulation.

    7.2.    **Severability.** The provisions of this Stipulation are severable. If any provision is held invalid or unenforceable, it shall not affect the validity or enforceability of any other provision.

    7.3.    **Entire Understanding.** This document constitutes the entire understanding and agreement between the parties. Any modification of the Stipulation must be in writing signed by all parties.

    7.4    **Additional Defendants.** The Parties agree to amend this action to add as Defendants Pyunghak Kim, Young M. Oh and 79 Deli NY, Corp, Original Defendants and Defendants' Counsel represent that those parties have so consented and shall facilitate the formalization of their addition, which is a predicate to this Settlement. The Parties shall present along with this Stipulation, an appropriate proposed order adding such defendants.

7.4. <u>Modifications</u>. This Stipulation may not be modified in any manner, except in writing signed by each of the parties hereto.

7.5. <u>Counterparts</u>. This Stipulation can be executed in counterparts.

7.6. <u>Counsel</u>: Each party represents that they have been represented by counsel of their choosing or have had the opportunity to consult with the counsel of their choosing.

7.8. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction of this case and the Stipulation until the parties' obligations are fulfilled and the Settlement Payment has been paid in full, and will resolve any disputes that arise under the Stipulation.

**Section 8:** **<u>Non-Retaliation</u>**

8.1 Defendants shall not retaliate against any Plaintiff for his having asserted claims under the Fair Labor Standards Act or the New York Labor Law and/or for his participation in this lawsuit.

**Section 9:** **<u>Implementation of Agreement</u>**

9.1 The Parties and their counsel will cooperate to draft all documents necessary to implement this agreement..

| Feliciano Fitz | Yeong Y. Kim |
|---|---|
| By: *Feliciano Fitz* | By: *Yeong Ya Ki* |
| Date: 3/22/18 | Date: 3/22/18 |

| | |
|---|---|
| Carmelo Baez<br>By: _Carmelo Baez Rivera_<br>Date: _03.22/18_ | Pyunghak Kim<br>By: _____<br>Date: _____ |
| Jesus Baez<br>By: _[signature]_<br>Date: _03/22/18_ | Young M. Oh<br>By: _____<br>Date: _____ |
| Miguel Vazquez<br>By: _Miguel Vazquez_<br>Date: _22/03/18_ | Bethel Gourmet Food Group<br>By: _____<br>Date: _____ |
| Oscar Portilla<br>By: _[signature]_<br>Date: _03/22/18._ | 79 Deli NY Corp.<br>By: _____<br>Date: _____ |

| | |
|---|---|
| Carmelo Baez<br>By: _Carmelo Baez Rivera_<br>Date: _03-22/18_ | Pyunghak Kim<br>By: _[signature]_<br>Date: _3/25/2018_ |
| Jesus Baez<br>By: _[signature]_<br>Date: _03/22/18_ | Young M. Oh<br>By: _Young M Oh_<br>Date: _3/25/2018_ |
| Miguel Vazquez<br>By: _Miguel Vazquez_<br>Date: _22/03/18_ | Bethel Gourmet Food Group<br>By: _[signature]_<br>Date: _3/25/2018_ |
| Oscar Portilla<br>By: _[signature]_<br>Date: _03/22/18_ | 79 Deli NY Corp.<br>By: _Young M Oh_<br>Date: _3/25/2018_ |